Larry Zerner (SBN 155473)

Law Offices of Larry Zerner

1801 Century Park East, Ste. 2400

Los Angeles, CA 90067

(310) 773-3623

Email: Larry@ZernerLaw.com

Attorneys for Plaintiff Kenady Nash
& Damien Nash

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENADY NASH, DAMIEN NASH <br><br> Plaintiffs, <br><br> vs. <br><br> JETFUEL INC., a Delaware corporation doing business in California as Jetfuel Growth, VUNGLE, INC., a Delaware corporation; PAPAYA GAMING, INC., a Delaware corporation; and DOES 1-10, Inclusive, <br><br> Defendants | Case No.: 3:24-cv-07955 <br><br> COMPLAINT FOR <br> 1) COPYRIGHT INFRINGEMENT <br> 2) COMMERCIAL MISAPPROPRIATION UNDER CIVIL CODE §3344 <br> 3) UNFAIR COMPETITION <br><br> DEMAND FOR JURY TRIAL <br> (F.R.C.P. Rule 38) |

## I.    INTRODUCTION

Complaint

1.    Plaintiffs Damien and Kenady Nash are online personalities who entered into an agreement with The Plug, a subsidiary of Jetfuel Inc. and Vungle , Inc. to produce, shoot and appear in a video commercial for Papaya Global's *Solitaire Cash* game.  The Nashes licensed the rights to the commercial to Defendants for a six-month period.  Prior to the end of the license period, the Nashes attempted to negotiate an extension of the license with Defendants but could not reach an agreement. However, at the end of the license period, Defendants continued to use the commercial. The Nashes negotiated a fee for the extended use and received written confirmation that the license had expired and that Defendants had stopped distributing the commercial.  Plaintiffs have recently learned that Defendants have begun to use the commercial again, without Plaintiffs consent and without a license to do so.  As Defendants apparently will not stop using the commercial, Plaintiffs' bring the present lawsuit for damages for intentional copyright infringement, violation of Plaintiffs' Right of Publicity and for an injunction against any further use of the commercial by Defendants.

## II.    **THE PARTIES**

2.    Plaintiff Kenady Nash is an individual living in Acworth, Georgia

3.    Plaintiff Damien Nash is an individual living in Ackworth, Georgia.

**Complaint**

4. Upon information and belief, Defendant Jetfuel, Inc. ("Jetfuel") is a Delaware corporation doing business in California as Jetfuel Growth, Inc. with its principal place of business located in San Francisco, CA. Upon information and belief, Jetfuel is the owner of The Plug.

5. Upon information and belief, Defendant Vungle, Inc. is a Delaware corporation withs its principal place of business located in Redwood City, CA. Upon information and belief, Vungle is the owner of Jetfuel.

6. Upon information and belief, Defendant Papaya Gaming, Inc. ("Papaya") is a Delaware corporation with its principal place of business in Tel Aviv, Israel. Upon information and belief, Papaya is the creator and owner of the game Solitaire Cash.

7. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request

**Complaint**

leave of Court to amend this Complaint to set forth their true names, identities, and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

<u>JURISDICTION AND VENUE</u>

8.   The present action arises under the Copyright Act, Title 17, Section 101, <u>et seq</u>., of the United States Code.

9.   Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a) as well as supplemental jurisdiction over all additional non-federal claims under 28 U.S.C. § 1367.

10.   Venue lies in the Northern District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

11.   Upon information and belief, This Court has personal jurisdiction over Papaya, in part because Papaya does continuous and systematic business in this District, including by soliciting business from the residents of this District and by having numerous customers located in this District.[1]

---

[1] On its website for one of its gaming applications, Papaya states that it "operate[s] in . . . California," to the exclusion of numerous other states. https://support.solitairecash.com/hc/en-us/articles/360017045578-Who-is-eligible-to-compete-in-Cash-Tournaments  (last visited November 13, 2024).

**Complaint**

12.  FACTS COMMON TO CLAIMS OF RELIEF

13.  Plaintiffs are well-known authors, speakers and social media influencers who, due to their popularity, fame, and influence, have been hired to create and appear in advertisements for various products.

14.  The majority of these advertisements are short video commercials, written, directed, produced, photographed and starring Plaintiffs.

15.  These advertisements then run on various social media platforms such as YouTube, TikTok, and Facebook and also are viewed in ad-supported games such as Monopoly Go, Clockmaker, and WordCod3.

16.  Upon information and belief, The Plug is an application that allows influencers to create and be paid for advertisements.  Upon information and belief, The Plug is owned by Jetfuel, which is a division of Vungle.

17.  When influencers create advertisements through The Plug, they are paid on the Plug application.

18.  In July 2023, Plaintiffs were approached by a representative of The Plug to create an advertisement for the Solitaire Cash game.  Plaintiffs were offered $750 for a six month license to use the advertisement.

**Complaint**

19.   Plaintiffs accepted the offer and created an advertisement for Solitaire Cash ("the Solitaire Cash Ad").[2]  Plaintiffs were then paid their fee through The Plug app.

20.   The Solitaire Cash Ad began to run on July 23, 2023 and the six month license would expire on January 23, 2024.

21.   During the license period, Plaintiffs noticed that the Solitaire Cash Ad was running extensively and many people were telling them that they had seen the Solitaire Cash Ad.

22.   Based on the apparent success of the ad, in early January 2024, prior to the end of the original license term, Plaintiffs emailed with representatives from The Plug to inquire if The Plug and Papaya wanted to extend the license term for the Solitaire Cash Ad.

23.   Plaintiffs were informed that The Plug and Papaya were willing to extend the license for an additional six month term for a payment of $1,000.

24.   Plaintiff did not believe that $1,000 was a fair payment for the use of the Solitaire Cash Ad advertisement for another six months and declined the offer.

---

[2]  The Solitaire Cash Ad can be viewed here: https://1drv.ms/v/s!AjITuijrKmrji-V3_xe6fS7mRfAReg?e=s4I1kY

Complaint

25.  On January 4, 2024, Plaintiffs received an email from Soren Steelquist at The Plug, stating that they would not offer more than $1,000 and that The Plug would remind Papaya that the license for the Solitaire Cash Ad would expire on January 23, 2024 and that it needed to pull the Solitaire Cash Ad.

26.  However, despite the fact that the license for the ad expired on January 23, 2024, The Plug and Papaya continued to run the Solitaire Cash Ad after the end of the license period.

27.  In March 2024, Plaintiffs wrote to Mr. Steelquist at The Plug and informed him that they had noticed that the Solitaire Cash Ad was still running and demanded that it be pulled and that Plaintiffs be paid for the continued unauthorized use of the Solitaire Cash Ad.

28.  On March 28, 2024, Mr. Steelquist informed Plaintiffs that he had confirmed that the Solitaire Cash Ad had been pulled and paid Plaintiffs $2,500 for the continued use of the Solitaire Cash Ad

29.  Plaintiffs have recently discovered that despite the fact that Defendants had previously pulled the Solitaire Cash Ad, they are once again using the it without their consent.

**Complaint**

30.   As it is apparent that Defendants will not stop running the Solitaire Cash Ad without court intervention, Plaintiffs have been forced to file the instant lawsuit to obtain an injunction and compensation for the infringement and violation of their Right of Publicity.

31.   the Solitaire Cash Ad is registered with the U.S. Copyright Office as of March 26, 2024, Reg. No. PAU004219584.

FIRST CLAIM FOR RELIEF

(For Copyright Infringement Against All Defendants)

32.    Plaintiffs re-allege and incorporate by reference, as though set forth in full, paragraphs 1 through 31 above as though fully set forth herein.

33.    Beginning after March 26, 2024, Defendants, and each of them, have infringed the copyright in the Solitaire Cash Ad by distributing and exploiting the Solitaire Cash Ad.

34.    As a direct and proximate result of Defendants' infringement, Plaintiffs are entitled to their actual damages in addition to Defendants' profits that are attributable to its infringement; alternatively, Plaintiffs are entitled to statutory damages for infringement in the maximum statutory amount allowed.

**Complaint**

35.  Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so, all to Plaintiffs' irreparable injury. The amount of compensation which would afford adequate relief to Plaintiffs for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Plaintiffs' remedy at law is inadequate, and Plaintiffs are entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

## SECOND CAUSE OF ACTION

### (Commercial Misappropriation Under Civil Code §3344 Against All Defendants)

36.  Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 35 above.

37.  At all relevant times, Plaintiffs had the sole and exclusive right of publicity with regard to the use of their voice and likeness.

38.  Defendants used Plaintiffs voice and likeness in the Solitaire Cash Ad, outside of the scope of any license, without Plaintiffs' permission, consent, or authorization.

39.    Defendants gained a commercial benefit by using Plaintiffs' voice and likeness in the Solitaire Cash Ad.

40.    Defendants' unauthorized and unlawful use of Plaintiffs' voice and likeness was willful, intentional, and knowing and was done to Defendants' advantage, including for the direct purpose of profiting, and gaining commercial benefit. Defendants have used and exploited Plaintiffs' voice and likeness for their own commercial profit and gain in connection with the promotion of their products.

41.    The acts above constitute a violation of California Civil Code §3344.

42.    As a direct and proximate result of Defendants' unauthorized and unlawful use of Plaintiffs' voice and likeness, Plaintiffs suffered harm, including but not limited to, the denial of the benefit of the rights of publicity which belong to them.

43.    Plaintiffs are entitled to compensation for the willful, intentional, unauthorized, and unlawful use of their voice and likeness, in an amount to be proven at trial.

44.    Defendants' conduct was malicious, fraudulent, oppressive, and intended to injure Plaintiffs. Consequently, Plaintiffs are entitled to punitive damages.

45.    Plaintiffs are entitled to recover their costs and fees per the statute referenced in this cause of action.

**Complaint**

## THIRD CAUSE OF ACTION

### (Unfair Competition against all Defendants)

46.   Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 45 above.

47.   As a result of the wrongful acts of Defendants, and each of them, as hereinabove alleged, Defendants, and each of them, have received unjust financial and economic benefits at the expense of Plaintiffs.  Such unjust enrichment and benefits include but are not limited to (1) the value of the use of Plaintiffs' voice and likeness for the commercial purposes made thereof by Defendants; and (2) the amount of Defendants, and each of their, gross revenues attributable to the use of Plaintiffs' voice, and likeness as alleged herein.

48.   As alleged herein above, Plaintiffs suffered harm as a result of Defendants' actions in obtaining a financial and economic benefit.

49.   As a direct and proximate result of the allegations above, Defendants have been unjustly enriched at the expense of Plaintiffs in an amount to be proved at trial.

50.   Defendants, and each of them, are under an obligation to pay Plaintiffs, forthwith, the entire amount by which they have been unjustly enriched.

Complaint

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained or will sustain by reason of Defendant's conduct, and to account for all gains, profits and advantages derived by Defendant from such conduct in an amount to be proved at trial.

2.    That Defendants be required to pay statutory damages to Plaintiffs in an amount to be proved at trial.

3.    That all items which infringe Plaintiffs' copyright be impounded, surrendered, and forfeited to Plaintiffs for destruction or other disposition.

4.    That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in the ad; and

5.    That Defendants be required to pay to Plaintiffs their attorneys' fees and costs incurred in connection with the prosecution of this action; and

6.    For such other and further relief as the Court deems appropriate.

DATED: November 13, 2024            LAW OFFICES OF LARRY ZERNER

Complaint

By: /s/Larry Zerner
     Larry Zerner
     Attorney for Plaintiffs Kenady and
     Damien Nash

DEMAND FOR TRIAL BY JURY

Plaintiffs Kenady and Damien Nash pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: November 13, 2024          LAW OFFICES OF LARRY ZERNER

By: __/s/Larry Zerner_____
     Larry Zerner
     Attorney for Plaintiff Kenady and Damien Nash

Complaint